UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

*ORIGINAL*

| | |
|---|---|
| United States of America, | No. 16-20654 |
| Plaintiff, | Hon. Mark A. Goldsmith |
| v. | |
| Phillip Lucky McIntyre, | **Offense:**<br>Count 1: 18 U.S.C. § 1591(a)<br>          Sex trafficking of a child |
| Defendant. | |

**Maximum Penalty:**
Count 1: 10 yrs to life imprisonment;
          5 yrs to life supervised
          release

**Maximum Fine:**
Count 1: $250,000

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,
defendant Phillip Lucky McIntyre and the government agree as follows:

## 1.    Guilty Plea

### A.    Count of Conviction

Defendant will enter a plea of guilty to Count 1 of the Indictment,
which charges: sex trafficking of a child, in violation of 18 U.S.C. § 1591(a).

**B.    Elements of Offense**

The elements of Count 1 are:

1. The Defendant knowingly recruited, enticed, harbored, transported, provided or obtained a person that the defendant knew was less than eighteen years old;

2. The Defendant knew that the person would be caused to engage in a commercial sex act; and

3. The Defendant's act of recruiting, enticing, harboring, transporting, providing or obtaining was in or affecting interstate commerce.

**C.    Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

From on or about May 1, 2016 through May 24, 2016, in the Eastern District of Michigan, the defendant, in and affecting interstate or foreign commerce recruited, enticed, harbored, transported, provided and obtained by any means, MV-1, a child known to defendant and born in 2002, knowing

and in disregard of the fact that she was not yet 18 years old, and knowing that she would be caused to engage in a commercial sex act.

Specifically, the defendant assisted and provided communications via cell phone, transportation by vehicle, images to be used on backpage.com for advertising commercial sex acts, hotel rooms, assistance and protection for MV-1, all for the purpose of her engaging in a commercial sex act.

## 2. Sentencing Guidelines

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes.  Except as provided below, defendant's guideline range is **151 – 188 months' imprisonment**, as set forth on the attached worksheets.  But if the Court finds:

> 1. That defendant's criminal history category is higher than reflected on the attached worksheets, or
>
> 2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise

demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **151 – 188 months**, the higher guideline range becomes the **agreed range**. But if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

## C.    Relevant Conduct

The parties agree that the relevant conduct in this case includes, but is not limited to, all the counts in the Indictment.

### 3.    Sentence

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

#### A.    Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.  The Court must impose a sentence of imprisonment on Count 1 of at least 120 months.

#### B.    Supervised Release

A term of supervised release follows the term of imprisonment. There is no agreement as to the term of supervised release.  But the Court must impose a term of supervised release on Count 1 of no less than five years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

#### C.    Special Assessment

Defendant will pay a special assessment of $5,000 per count and must provide the government with a receipt for the payment before

sentence is imposed.  (*see* Justice for Victims of Trafficking Act of 2015, Public L. No. 114-22).

### D.    Fine

There is no agreement as to fines.

### E.    Restitution

The Court shall order restitution to every identifiable victim of defendant's offense.  There is no agreement on restitution.  The Court will determine who the victims are and the amounts of restitution they are owed.

## 4.    SORNA/Adam Walsh Act

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and

update his registration for at least twenty years, and potentially for the rest of his life.

## 5.   Forfeiture

Upon conviction for the conduct alleged in Count 1 of the Indictment, the defendant shall, pursuant to 18 U.S.C. § 2253, forfeit to the United States the property as it was used or intended to be used to commit or to promote the commission of the offenses charged.

In entering this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

In entering into this agreement with respect to forfeiture, defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified personal property as provided by rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

With respect to the above property, defendant agrees to the entry of one or more orders of forfeiture of his interest in such property upon application by the United States at, or anytime before his sentencing in this case.  Defendant further agrees to hold the United States, its agents and

employees harmless from any claims whatsoever in connection with the forfeiture of property covered by this agreement.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

## 6.   Use of Withdrawn Guilty Plea

If the Court allows the defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 7.   Other Charges

If the Court accepts this agreement, the government will dismiss any remaining charges in this case.

## 8.   Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.  Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 9.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction. If the defendant's sentence does not exceed the maximum allowed by Part 3 of this agreement, the defendant also waives any right he may have to appeal his sentence.    If the sentence imposed is within the guideline range

as determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that the defendant properly raises such a claim by collateral review under 28 U.S.C. § 2255.

## 10. Consequences of Withdrawal of Guilty Plea or Vacation of Conviction

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**11.    Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**12.    Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the

government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

/

/

/

/

/

/

/

/

/

/

/

/

/

/

## 13.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **2:30 p.m.** on **05.16.17**.   The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Barbara L. McQuade
United States Attorney

Matthew Roth,
Chief, General Crimes Unit

Margaret M. Smith,
Assistant United States Attorney

Date: 05.01.17

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

Kimberly Stout,
Attorney for Marcus Williams

Phillip Lucky McIntyre,
Defendant

Date: 5-16-17

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

1591

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2G1.3(a)(2) | base offense level  (child age 14-18) | 30 |
| 2G1.3(b)(3) | use of a computer | 2 |
| 2G1.3(b)(4) | commission of a sexual act | 2 |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

### 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

34

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*



| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

# WORKSHEET B (Multiple Counts)

## Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

| 34 | | 1 unit |
|---|---|---|
| | | unit |
| | | unit |
| | | unit |

5. **TOTAL UNITS**

| units |
|---|

B-1

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

**6.   INCREASE IN OFFENSE LEVEL**

| 1 unit $\longrightarrow$ no increase | 2 1/2 – 3 units $\longrightarrow$ add 3 levels |
|---|---|
| 1 1/2 units $\longrightarrow$ add 1 level | 3 1/2 – 5 units $\longrightarrow$ add 4 levels |
| 2 units $\longrightarrow$ add 2 levels | > 5 levels $\longrightarrow$ add 5 levels |



**7.   ADJUSTED OFFENSE LEVEL OF GROUP**
**WITH THE HIGHEST OFFENSE LEVEL**



**8.   COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**      **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**      **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**      **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 2005 | | (f) del/mfg narcotics | 1 - 5Y | | 3 |
| 2005 | | (f) unarmed robbery | 2 - 15Y | | 3 |
| 2013 | | (o) possess marijuana | 12M prob | | 1 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



3. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.



4. **TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.


7

5. **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

IV

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

# WORKSHEET D (Guideline Range)

**1.**  **(COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.



**2.**  **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**



**3.**  **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.



**4.**  **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.



**5.**  **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

    a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.



    b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal  provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.**  **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

151-188

months

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months



| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

# WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

   a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

      [X]  1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

      [ ]  2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

      [ ]  3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

      [ ]  1. At least 1 year but not more than 5 years (total offense level ≥ 6)

        2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [X]  a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ]  b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.  <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.  <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

        1.  At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment $\geq$ 25 years.

        2.  At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment $\geq$ 5 years but < 25 years.

        3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        [X]  4.  The statute of conviction requires a minimum term of supervised release of 60 months.

    c.  Conditions of Supervised Release (U.S.S.G. § 5D1.3)

    The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

    [X]  1.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

        2.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

E-2

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|------------|-----------------|--------|----------------------------|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

☐  3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐  4.  The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐  5.  Restitution is not applicable.


6.  **FINE  (U.S.S.G. § 5E1.2)**

a.  <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|------------------|------------------|
| $25,000 | $250,000 |

E-3

| Defendant: | Philip McIntyre | Count: | sex trafficking of a minor |
|---|---|---|---|
| Docket No.: | 16-20654 | Statute(s): | 18 U.S.C. 1951(a) |

## 7. SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 5000.00 .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X] Assets of the defendant will be forfeited.

[ ] Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

_____

## 10. UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

Rev. 07/13