UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 16-cr-20654

       Vs                                    Hon. Mark A. Goldsmith

PHILLIP LUCKY McINTYRE,

       Defendant.

_____

## SENTENCING MEMORANDUM

Phillip Lucky McIntyre, by and through his attorney, Kimberly W. Stout, hereby submits the following information for consideration prior to imposition of sentence.

### Introduction

Following a Complaint, an Indictment was filed on September 29, 2016 charging Defendant in one count with Sex Trafficking of a Child, contrary to 18 U.S.C. 1592(1), as well as Criminal Forfeiture, pursuant to 18 U.S.C. 2253 and 28 U.S.C. 2461(c). Defendant McIntyre pled guilty on May 16, 2017 pursuant to a Rule 11 Plea Agreement. The agreed upon guideline range was higher than that found by the probation department due to a lesser criminal history level calculated than

anticipated.[1]  The guideline range is 135 to 168 months; a range agreed upon by both the parties.  Defendant has been incarcerated since August 16, 2016.

Defendant urges a sentence of no more than the statutory maximum of 120 months for all the reasons stated herein.  In other words, a sentence about one year less than the low end of the guideline range.

*United States v Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005), opines that this Court can sentence the Defendant to *any* term consistent with the law and 18 U.S.C. § 3553 (a).  In other words, once the Court fixes a guideline range, including a 5K1.1 departure and any other departures, the range becomes another factor under 18 U.S.C. § 3553 (a).[2]  *United States v Collington*, 461 F.3d 805 (6th

---

[1] The anticipated range was 151 to 188 months.

[2] 18 U.S.C. §3553 (a) provides in part that a district court consider the following:

    (a)    Factors to be considered in imposing a sentence.

—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

    (1)    the nature and circumstances of the offense and the history and characteristics of the Defendant;

    (2)    the need for the sentence imposed—

        **(A)**    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        **(B)**    to afford adequate deterrence to criminal conduct;

        **(C)**    to protect the public from further crimes of the Defendant; and

        **(D)**    to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Cir. 2006); *United States v McBride*, 434 F.3d 470, 477 (6th Cir. 2006).

## Argument

### *History and Background*

Defendant McIntyre is 33 years old and has 3 children with Tracy Riley. Ms. Riley supports the Defendant and the couple co-parent amicably.

Mr. McIntyre's upbringing was checkered with abuse and exposure to violence and drug addiction. He has 4 siblings and 6 half-siblings. Mr. McIntyre has relationships with his siblings but is not close to his parents. His grandmother, who is 97, played the largest role in his life. However, Defendant lived on the streets as early as 13 years old.

Perhaps due to his troubled upbringing, Mr. McIntyre has substance abuse problems and dropped out of school in the 10th grade. He was scored a 10 on the TCU Drug Screen V administered by probation indicating a severe substance abuse problem. Defendant is also suffering from depression. Mr. McIntyre has a gunshot wound that resulted in the placement of a metal rod in his arm. The injury continues to cause pain.

---

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established

\*\*\*

### *Other Factors*

*See Exhibit A*

### *Disparity*

The United States Sentencing Commission provides statistical information on sentencing across the country for each year. In 2016, the Commission provided a table - Length of Imprisonment by Primary Offense Category. *See* Exhibit A. The instant charge does not have its own category on the Table attached. However, it could be considered a crime included in either the category of "Child Pornography" or the category of "Sexual Abuse."

In 2016, the median sentence for both of these categories was 120 months. In other words, half of those charged with a sexually based crime most probably involving a minor, received 120 months or less than 120 months. The significance is that the Defendant here was involved in the prostitution of a runaway he met on Michigan Avenue. His admitted to being involved with adult prostitutes. He is charged here with involvement with one 14 year old minor. Undersigned recognizes that this crime is serious, however, suggests that in that there is one victim involved, as opposed to a pattern, Defendant's crime should be punished with the 50 percent of those who received 120 months or less.

As a man who grew up on the streets of Detroit, without the guidance of parents, it is not surprising that Defendant found himself abusing drugs and making money as a "pimp." Although his behavior is criminal, punishment of 120 months incarceration is a very long time for a 32 year man.

## Conclusion

The instant offense here is serious. The Defendant has been surrounded by bad influences his entire life and did not have a strong male figure to guide him. His upbringing was on the streets where he began abusing drugs at a young age. In view of all the above, and considering 10 years is a very long time, it is urged that this Court temper justice with mercy and impose a sentence of not more than 10 years.

Respectfully submitted,

/s/ Kimberly W. Stout
Kimberly W. Stout P38588
Attorney for Defendant Nakita Washinton
370 E. Maple Road, 3rd FL
Birmingham, MI  48009
(248) 258-3181

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                         Case No. 16-cr-20654

       Vs                                Hon. Mark A. Goldsmith

PHILLIP LUCKY McINTYRE,

       Defendant.

_____

## CERTIFICATE OF SERVICE

KIMBERLY W. STOUT, being first duly sworn, deposes and says that on the 14th day of September, 2017, she served **Defendant's Sentencing Memorandum** and this **Certificate of Service** by ECF filing upon:

                        MARGARET SMITH
                        Assistant United States Attorney


                        /s/ Kimberly W. Stout
                         Kimberly W. Stout (P38588)


Dated:   Sept. 14, 2017