UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PHILLIP LUCKY McINTYRE,

      Defendant.
_____/

CRIMINAL NO. 16-cr-20654

HON. MARK A. GOLDSMITH

**Government's Response to Defendant's Letter (Doc. 40) and Brief in Support**

      For the reasons stated in the government's brief, this Court should: (1) provide notice to McIntyre that his filing challenging his sentence (Doc. 40) will be construed as a motion under 28 U.S.C. § 2255 and (2) provide McIntyre with an opportunity to either withdraw or amend the motion.

      Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/Margaret M. Smith*
Assistant United States Attorney
Deputy Chief, Major Crimes Unit
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9135
E-Mail: Margaret.smith@usdoj.gov
Bar No. 71413

Dated:  April 6, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         CRIMINAL NO. 16-cr-20654

v.

                                            HON. MARK A. GOLDSMITH

PHILIP LUCKY McINTYRE,

        Defendant.
_____/

## **Government's Brief in Response to Defendant's Letter (Doc. 40)**

### I.    Introduction

On September 25, 2017, the Court sentenced McIntyre to a 168-month term of imprisonment after pleading guilty to sex trafficking of a child. On February 5, 2018, the Court received a "letter" from McIntyre challenging his sentence. (Doc. 40.)

On February 7, 2018, the Court docketed McIntyre's letter as a "motion to reduce sentence" and ordered the government to file a response. (Doc. 41.) Because McIntyre's filing can easily be construed as a motion to vacate or set aside his conviction under 28 U.S.C. § 2255 (in favor of a new sentence), and because McIntyre is entitled to notice that the filing will be construed as such before it is

1

adjudicated, the Court should (1) provide McIntyre with notice that his filing will be deemed to be an attack on his sentence under 28 U.S.C. § 2255 and (2) provide McIntyre with an opportunity to amend or withdraw the filing.

## II. This Court lacks jurisdiction to modify McIntyre's judgment.

The authority of a district court to modify a term of imprisonment once imposed is limited by statute. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008). Under 18 U.S.C. § 3582(c)(1)(B), a district court may not change a defendant's imposed sentence "to the extent otherwise expressly permitted by statute or by Rule 35(a) of the Federal Rules of Criminal Procedure."[1] Rule 35(a) circumscribes a narrow exception to the rule that a district court lacks authority to resentence a defendant:

> (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

The authority conferred by Rule 35(a) is extremely limited. *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006). The rule "is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence." *Id.* (internal citation omitted). Rule 35(a) is a jurisdictional rule. *United States v. Vicol*, 460 F.3d 693, 695–96 (6th Cir. 2006). The Supreme Court has held that time

---

[1] Rule 35(b) concerns a defendant's substantial assistance to authorities, and is not applicable here.

2

limits made binding under Rule 35 "may not be extended." *United States v. Addonizio*, 442 U.S. 178, 189 (1979).

The Sixth Circuit has held that "the phrase 'correct a sentence' as used in Rule 35 requires the district court to actually resentence a defendant within the time frame." *Vicol*, 460 F.3d at 696. "Rule 35(a) makes no provision for the extension of this time based on a timely motion by a party." *Id*. In other words, if a district court seeks to correct a sentence based on a defect that is arithmetical, technical, or clear error, it must do so within 14 days of imposing the original sentence. It lacks authority to extend the 14-day time frame, regardless of whether a party files a motion, and regardless of whether the parties agree to the modification.

Because McIntyre's request does not fall within the ambit of Rule 35, he cannot seek a reduction/resentencing under this Rule. There are two options left for modification of sentence – filing for a reduction under 18 U.S.C. §3582(c)(2), or filing a petition for habeas relief under 28 U.S.C. §2255.

**III. McIntyre is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).**

As stated, a district court has limited authority to revisit a sentence after it is imposed. *United States v. Washington*, 584 F.3d 693, 696 (6th Cir. 2009). A district court does, however, have the authority to modify a sentence where the defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission and the reduction is consistent

with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c); *Washington*, 584 F.3d at 696. The policy statement applicable to § 3582(c) is set forth in USSG § 1B1.10; it expressly provides when, and how, a district court may reduce a sentence in the case of an amendment. *Washington*, 584 F.3d at 696.

The policy statement issued by the Sentencing Commission notes that "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—(A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(2).

Here, no such policy statement or amendment applies to McIntyre's case. Therefore, he is foreclosed from seeking relief through 18 U.S.C. § 3582(c)(2). The only avenue left for McIntyre would be filing a petition under 28 U.S.C. §2255.

### IV. McIntyre is Entitled to Notice that his Filing be Construed as a § 2255 Motion

In his filing, McIntyre requests that this Court vacate his sentence in favor of a lower one, citing two cases and "second chances." The only procedural vehicle that McIntyre has available to him at this time for this relief would be to file a motion under 28 U.S.C. §2255 to vacate his sentence.

4

It appears that McIntyre is bringing his motion under the collateral review framework provided by 28 U.S.C. § 2255, even though that statute does not appear to be expressly invoked by McIntyre. *See Nichols v. United States*, 285 F.3d 445, 446 (6th Cir. 2002) ("The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA' amended 28 U.S.C. § 2255 by adding a time-limit provision for motions by federal prisoners for collateral relief.").

The Sixth Circuit requires that before a post-conviction filing is treated as a § 2255 motion by a court, the defendant must be provided with "appropriate notice and an opportunity for withdrawal." *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Specifically, the Sixth Circuit has instructed:

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Id.* (citations omitted).

It does not appear that McIntyre has been provided with such notice and opportunity for withdrawal.

## V. Conclusion

Before the government substantively responds to McIntyre's filing challenging his sentence (Doc. 40), the Court should provide notice to McIntyre that his filing will be construed as a motion brought under the framework created by 28 U.S.C. § 2255 and should also provide him with an opportunity to either amend or withdraw the filing.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/Margaret M. Smith*
Assistant United States Attorney
Deputy Chief, Major Crimes Unit
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9135
E-Mail: Margaret.smith@usdoj.gov

Dated:  April 6, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, I electronically filed this response for the United States with the Clerk of the United States District Court, Eastern District using the ECF system, and I also certify that on the same day, I served this response on the *pro se* defendant by mailing a copy, with first class postage, to:

>Phillip Lucky McIntyre
>Reg. No. 55012-039
>Hazelton U.S. Penitentiary
>P.O. Box 2000
>Bruceton Mills, WV 26525

>*s/ Margaret M. Smith*
>Assistant U.S. Attorney