AO 243 (Rev. 01/15)

Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District   Eastern District of Michigan |
|---|---|

| Name *(under which you were convicted)*: Phillip McIntyre | Docket or Case No.: |
|---|---|

| Place of Confinement: FCI Hazelton; PO Box 5000; Bruceton Mills, WV 26525 | Prisoner No.: 55012-039 |
|---|---|

UNITED STATES OF AMERICA

v.        Phillip McIntyre

Movant *(include name under which convicted)*

## MOTION

1.   (a) Name and location of court which entered the judgment of conviction you are challenging:

United States District Court for the Eastern District of Michigan

(b) Criminal docket or case number (if you know): 2:16-CR-20654

2.   (a) Date of the judgment of conviction (if you know): _____

(b) Date of sentencing: 09/25/2017

3.   Length of sentence: 168 Months

4.   Nature of crime (all counts):

18 U.S.C. § 1591(a) - Sex Trafficking of a Child

FILED

JUN - 4 2018

CLERK'S OFFICE
DETROIT

5.   (a) What was your plea?  (Check one)

(1) Not guilty ☐      (2) Guilty ☒      (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
what did you plead guilty to and what did you plead not guilty to?

6.   If you went to trial, what kind of trial did you have?  (Check one)      Jury ☐      Judge only ☐

7.   Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☒

8.   Did you appeal from the judgment of conviction?      Yes ☐      No ☒

*AO 243 (Rev. 01/15)*

9.   If you did appeal, answer the following:

   (a) Name of court: _____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised:



_____

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☐

     If "Yes," answer the following:

     (1) Docket or case number (if you know): _____

     (2) Result: _____

     (3) Date of result (if you know): _____

     (4) Citation to the case (if you know): _____

     (5) Grounds raised:



_____

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

   Yes ☐   No ☒

11.   If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court: _____

       (2) Docket or case number (if you know): _____

       (3) Date of filing (if you know): _____

      (4)  Nature of the proceeding: _____

      (5)  Grounds raised:

_____

AO 243 (Rev. 01/15)

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☐

    (7)  Result:

    (8)  Date of result (if you know): _____

  (b)  If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court: _____

    (2)  Docket of case number (if you know): _____

    (3)  Date of filing (if you know): _____

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☐

    (7)  Result:

    (8)  Date of result (if you know): _____

  (c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:    Yes ☐    No ☐

    (2)  Second petition:    Yes ☐    No ☐

  (d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)

**GROUND ONE:**   Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel was ineffective based on failure to investigate, failure to interview witnesses, failure to raise a mistaken age defense, failure to present mitigation evidence, failure to investigate and challenge evidence of crime, failure to act as the government's adversary, and for proffering inaccurate advice to entice the acceptance of a plea agreement with an inaccurate factual basis.

**(b) Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel is best raised in §2255 proceedings.

**(c) Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

AO 243 (Rev. 01/15)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**   Actual Innocence

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

18 U.S.C. § 1591(a) requires that the defendant knew the age of the victim. Due to the fact that the victim misrepresented her age, and her true age was unknown to the defendant, he was actually innocent of the crime as he did not meet the essential elements.

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

There was no direct appeal filed by counsel.

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☒

AO 243 (Rev. 01/15)

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3)   Did you receive a hearing on your motion, petition, or application?

  Yes [   ]       No [   ]

(4)   Did you appeal from the denial of your motion, petition, or application?

  Yes [   ]       No [   ]

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

  Yes [   ]       No [   ]

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____


(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND THREE:**   Violation of the 10th Amendment & Principles of Federalism

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

There was no substantial effect on interstate commerce, and the federal government
infringed upon the soverignty of the State of Michigan by prosecuting intrastate
activity that would have been more appropriately prosecuted by the State of Michigan.

AO 243 (Rev. 01/15)

 

 

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☒

    (2)  If you did not raise this issue in your direct appeal, explain why:

        There was no direct appeal filed by counsel.

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☒

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

AO 243 (Rev. 01/15)

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)

    (3)  Did you receive a hearing on your motion, petition, or application?

          Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

          Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

          Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    None of these grounds have been previously raised. Counsel did not pursue a direct appeal, and this is my first opportunity as a pro-se filer to address these issues which are cognizable under 28 U.S.C. § 2255.

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a)  At the preliminary hearing:

N/A

(b)  At the arraignment and plea:

Kimberly Stout - Address Unavailable

(c)  At the trial:

N/A

(d)  At sentencing:

Kimberly Stout

(e)  On appeal:

N/A

(f)  In any post-conviction proceeding:

N/A

(g)  On appeal from any ruling against you in a post-conviction proceeding:

N/A

16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☒

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b)  Give the date the other sentence was imposed: _____

(c)  Give the length of the other sentence: _____

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is timely.

AO 243 (Rev. 01/15)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

(1)  the date on which the judgment of conviction became final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)

Therefore, movant asks that the Court grant the following relief:

Set Aside, Vacate, or Correct conviction and/or sentence;
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on June 1, 2018
(month, date, year)

Executed (signed) on June 1, 2018 _____ (date)

_____Phillip Mc Styne_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN


PHILLIP MCINTYRE,
     Petitioner,


v.



UNITED STATES OF AMERICA,
     Respondent.


PETITIONER'S BRIEF IN SUPPORT OF MOTION
UNDER 28 U.S.C. § 2255


COMES NOW, Petitioner Phillip McIntyre, in pro-se capacity, with the instant
brief in support of his motion to Set Aside, Vacate, or Correct a Sentence
under 28 U.S.C. § 2255.


Petitioner understands that his pro-se pleading "is to be liberally construed
... and ... must be held to less stringent standards than formal pleadings drafted
by lawyers." Erickson v. Pardus, 551 US 89.


Petitioner McIntyre now wages a collateral attack on his conviction and/or
sentence based on the following grounds:


1.  Ineffective Assistance of Counsel

2.  Violation of the 10th Amendment and Principles of Federalism

3.  Actual Innocence because Conduct was not Knowing

Ineffective Assistance of Counsel:

Counsel was ineffective, and their performance was deficient, because there were a number of problems with that representation including:

1. Failure to Investigate
2. Failure to Interview Witnesses
3. Failure to Raise a Defense of Mistaken Age
4. Failure to Present Mitigation Evidence
5. Failure to Investigate and Challenge Evidence of Crime
6. Failure to Act as Government's Adversary
7. Proffered Inaccurate Advice to Entice Plea Acceptance

It is well established that the Constitution guarantees the accused access to effective counsel.  Further, a defendant is entitled to the effective assistance of counsel during the plea negotiation process.  Lafler v. Cooper, 132 S. Ct. 1376.

Further, it has been repeatedly held that "counsel cannot responsibly advise a client about the merits of different courses of action, [and] the client cannot make informed decisions ... unless counsel has first conducted a thorough investigation."  Dickerson v. Bagley, 453 F.3d 690, 694 (6th Cir. 2006).

In the instant case, counsel failed to investigate the facts of the crime, failed to identify and interview witnesses including the victim, and failed to investigate any possible defenses.  Specifically, such investigation would have uncovered the fact that the victim misrepresented her age to the Petitioner.  It would have further revealed that the victim's mother was the first to share the victim's true age with the Petitioner, further verifying his claim.  This would have made a mistake of age defense obvious to any competent counsel.

From the very beginning, counsel indicated an unwillingness to present a
defense.  Counsel made derogatory comments, calling her client a "pimp" on multiple
occasions, including in the court room on record.  It is clear that the attorney
acted on a belief that her client should be convicted, and failed to act as the
government's adversary in any meaningful sense.

"An attorney who adopts and acts upon the belief that his client should be
convicted fails to function in any meaningful sense as the Government's adversary."
Osborn v. Shillinger, 861 F.2d 612, 625 (10th Cir. 1998).

The unwillingness of the attorney to advocate for the Petitioner is further
evidenced by the lack of investigation or presentation of mitigating sentencing
factors.  By failing to paint an accurate picture of the Petitioner, and by
poisoning the mind of the sentencing judge through prejudicial comments about her
client, the attorney who was paid to advocate for the Petitioner actively prevented
the court from knowing the nature and characteristics of the defendant as required
by §3553.

The attorney failed to investigate the evidence of the crime, and failed to
discuss how that evidence would weigh against the Petitioner at trial.  She further
failed to identify any possible defenses, and made her unwillingness to go to trial
known.  Had the evidence been investigated, it would have shown that the victim's
communications with phone number 313-778-4751 were not actually communications with
the petitioner.  Rather there was another individual involved and Mr. McIntyre was
being charged with the evidence of that person's crime in addition to his own
involvement.

When the Petitioner pointed out to the attorney that the plea agreement

contained a faulty factual basis, counsel advised her client to sign it anyway. This is not only unethical and bad advice, but it further shows that she acted on the belief that her client should be convicted.

Counsel failed to review guideline scoring and possible penalties and enhancements. Counsel failed to review the elements of the charged offense. Counsel failed to provide any good advice to her client what so ever. She was not only professionally deficient, but she was not acting as the counsel guaranteed by the US Constitution.

In an ineffective assistance of counsel claim, the petitioner must demonstrate that 1) counsel'd performance was deficient; and 2) the deficency resulted in prejudice. Strickland, 466 US 687.

In the case of a guilty plea, Petitioner must show a reasonable probability that but for the errors of his counsel, he would have proceeded to trial (and that the decision would have been objectively reasonable). Hill v. Lockhart, 474 US 52.

Petitioner asserts that but for the bad advice of his counsel, he would not have acepted the plea and would have proceeded to trial. Had he been aware of his possible defenses, this would have been objectively reasonable.

Much of this comes down to the counsel's failure to conduct an independent investigation. It is the concomitant duty of counsel to conduct "reasonable investigations or [reach] a reasonable decision that makes particular investigations unnecessary." Strickland, 466 US 691.

"There may be unusual cases where an attorney can make a rational decision

that investigation is unnecessary, [but] as a general rule, an attorney must investigate a case in order to provide minimally competent representation." Crisp v. Duckworth, 743 F.2d 580, 583 (7th Cir. 1984).

In the instant case, the decision not to investigate the crime or the characteristics of the defendant was not a professionally sound tactical decision. Further, the failure to explain the elements of the crime to the Petitioner was not reasonable, as it prevented his plea from being knowing and voluntary.

"Counsel cannot responsibly advise a client about the merits of different courses of action, [and] the client cannot make informed decisions ... unless counsel has first conducted a thorough investigation." Dickerson v. Bagley, 453 F.3d 690, 694 (6th Cir. 2006).

"When a lawyer advises his client to plea bargain to an offense which the attorney has not investigated, such conduct is always unreasonable." Woodward v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990).

"A purportedly strategic decision is not objectively reasonable when the attorney has failed to investigate his options and make a reasonable choice between them." Ramonez v. Bagley, 490 F.3d 482, 488 (6th Cir. 2007).

"Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot truly be voluntary unless the defendant possesses an understanding of the law in relation to the facts." United States v. Valdez, 362 F.3d 903, 908 (6th Cir. 2004).

When the petitioner entered a plea without understanding the law in relation to the facts, and without a thorough investigation that would allow counsel

to understand the law in relation to the facts, the plea could not be knowingly made.  Indeed, the attorney could not even offer professionally reasonable advice when no investigation was performed to help counsel decipher the facts of the case and apply them to the law.

This is a sad case where the attorney thought her client was a "pimp" who should go to prison, and made the choice to ensure the end result she felt was warranted.  She did not uphold her professional responsibility to protect her client, and remained blissfully ignorant of the facts so that they would not conflict with her preconceived notions of Mr. McIntyre.

Had the facts of the case been investigated and presented, perhaps Mr. McIntyre would have been acquitted at trial.  Or perhaps, if proper sentencing mitigation had been presented, he would have received a lesser sentence.  It is hard to say what the jury or court would have done had all the factual information been available.

It should be noted that there are factual disputes contained herein that warrant an evidentiary hearing to be held.  At this stage of proceedings, the Court must read the Petitioner's pro-se complaint indulgently, and accept Petitioner's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 US 25 (1992).

It is a well established principle of law that a defendant has the right to be sentenced based on accurate information.  Here, it is clear that some information was withheld from the court, either through the negligence of counsel, or an outright malicious attempt to ensure his conviction.

The statute of conviction, 18 U.S.C. §1591 provides that anyone who knowingly --

(1)  in or affecting interstate or foreign commerce, or within the special
maritime and territorial jurisdiction of the United States recruits, entices,
harbors, transports, provides, obtains, advertises, maintains, patronizes,
or solicits by any means a person; or

(2)  benefits financially or by receiving anything of value, from participation
in a venture which has engaged in an act described in violation of paragraph (1)
knowing, or, except where the act constituting the violation of paragraph (1) is
advertising, in reckless disregard of the fact, that means of force, threats of
force, fraud, coercion described in subsection (e)(2), or any combination
of such means will be used to cause the person to engage in a commercial sex
act, or that the person has not attained the age of 18 years and will be
caused to engage in a commercial sex act, shall be punished as provided in
subsection (b).

The key here is that the violation must be knowing.  In the instant case, the
Petitioner did not know the age of the victim.  The victim claimed to be over 18,
and the Petitioner did not find out otherwise until he was informed by the victim's
mother, at which point all activities stopped.  The victim misrepresented her age,
and led the Petitioner to believe she was an adult.  He did not know that she was
a minor.

§1591 is intended to prevent the recruitment, enticement, coercion, or forcing
of a child to engage in commercial sex acts.  It was not designed to be applied in
a situation like the instant case exhibits.  The victim in this case was actively
engaged in prostitution, posting ads on backpage.com with a false age, before she
was ever in contact with the Petitioner.  Mr. McIntrye did not recruit her into
prostitution and did not know her age.  He simply tried to capitalize off the
adult sex trade.  While this still may have been illegal, it would not have
resulted in such harsh punishment.

In addition, the activities involved in this case were purely intrastate. There was no interstate transportation, advertising, or sale of services. The only nexus to interstate commerce was the use of telephone or internet services. As such, there was no substantial effect on interstate commerce.

When the State of Michigan acted to create positive law to punish offenses involving prostitution and the exploitation of minors, it intended to protect it's citizens from all encompassing federal police powers.

In line with the 10th Amendment, and the principles of federalism, this intrastate crime should have been left to the State of Michigan to prosecute. "If there be a common jurisdiction, the crime cannot be punished in the courts of the Union." Wynne, 217 US 234 (1910).

The Federal government is one of specifically enumerated powers. Those powers not granted to the Federal government are reserved to the States or to the people. While the Federal government was granted the ability to regulate interstate commerce, the founders did not intend that the ability be construed as a catch all blanket to wrap around criminal prosecutions when the activity was not related to interstate commerce in any meaningful sense.

"Congress has traditionally been reluctant to define as a federal crime conduct readily denounced as criminal by the States." Rewis v. United States, 401 US 808, 812. Federalism concerns are particularly strong in criminal matters, and absent a clear directive from Congress or the Constitution, a Federal court should be loath to assume jurisdiction or interfere with State criminal proceedings. State Farm Mut. Auto. Ins. Co. v. Campbell, 538 US 408 (2003).

"A basic principle of Federalism is that each State may make it's own reasoned judgement about what conduct is permitted or proscribed within it's borders, and each State alone can determine what measure of punishment ... to impose." Younger v. Harris, 401 US 37, 43-44 (1971).

"Unless Congress conveys it's purpose clearly, it will not be deemed to have significantly changed the federal-state balance in the prosecution of crimes." Jones, 529 US 858.  In the instant case, it is far from clear that Congress intended to shift the balance of prosecutions away from the State of Michigan thereby negating it's protections established for it's citizens.

For the reasons briefed herein, Petitioner McIntrye maintains that his counsel was ineffective, that his plea was not knowing and voluntary, and that his 10th Amendment rights have been violated as well.

WHEREFORE, Petitooner prays that this Honorable Court will GRANT his motion to Vacate, Set Aside, or Correct his conviction and/or sentence; or any other relief to which he may be entitled.

Respectfully,

June 1, 2018
Date

Phillip McIntyre #55012-039
FCI Hazelton
PO Box 5000
Bruceton Mills, WV  26525

Certificate of Mailing:

I, Phillip McIntyre, certify that a true and correct copy of the foregoing document was deposited in the FCI Hazelton institutional mailbox on this date, USPS First Class Postage prepaid.

June 1, 2018
Date

Phillip McIntyre

Phillip Lucky McIntyre 55012039#
Federal Correctional Institution
Hazelton
P.O. Box 5000
Bruceton mills, WV 26525



Mark A. GoldSmith
District Judge
Theodora Lavin
U.S. Courthouse
231 W. Lafayette
Detroit, Michigan
48226



RECEIVED
JUN 04 2018
MARK A. GOLDSMITH
U.S. DISTRICT JUDGE
EASTERN DISTRICT OF MICHIGAN

RECEIVED
JUN - 6 2018
CLERK'S OFFICE
U.S. DISTRICT COURT