```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                          SOUTHERN DIVISION

 3

 4    UNITED STATES OF AMERICA,

 5                    Plaintiff,

 6    -v-                                    Case No. 16-cr-20654

 7

      PHILLIP LUCKY MCINTYRE,
 8
                      Defendant.
 9    _____/

10

11                   DEFENDANT'S PLEA OF GUILTY

12             BEFORE THE HONORABLE MARK A. GOLDSMITH

13          Detroit, Michigan, Tuesday, May 16th, 2017.

14

15    APPEARANCES:

16    FOR THE PLAINTIFF:       JIHAN M. WILLIAMS
                               U.S. DEPARTMENT OF JUSTICE
17                             211 West Fort Street
                               Suite 2001
18                             Detroit, MI 48226

19
      FOR THE DEFENDANT:       KIMBERLY W. STOUT
20                             370 East Maple Road
                               Third Floor
21                             Birmingham, MI  48009

22

23    David B. Yarbrough, CSR, FCRR
      Official Court Reporter
24    (313) 234-2619

25
```

1                        TABLE OF CONTENTS

2                                                        PAGE

3     WITNESSES:

4     NONE

5

6

7

8

9

10

11

12

13

14

15                           EXHIBITS

16    NONE

17

18

19

20

21

22

23

24

25

```
 1              Detroit, Michigan.

 2              Tuesday, May 16th, 2017.

 3              At or about 2:49 p.m.

 4                        --     ---     --

 5         THE CLERK OF THE COURT:  Please rise.  The United

 6   States District Court for the Eastern District of Michigan is

 7   now in session, the Honorable Mark Goldsmith presiding.  You

 8   may be seated.

 9         The Court calls 16-20654, United States of America

10   versus Phillip McIntyre.  Counsel, please place your

11   appearances on record.

12         MS. WILLIAMS:  Good afternoon, your Honor.  Jihan

13   Williams appearing on behalf of the United States.

14         MS. STOUT:  Good afternoon, your Honor.  Kimberly

15   Stout on behalf Phillip McIntyre who's seated to my left.

16         THE COURT:  All right.  Good afternoon.  How are we

17   going to proceed today?

18         MS. STOUT:  Your Honor, my client is prepared to

19   enter a plea pursuant to a Rule 11 Plea Agreement.

20         THE COURT:  All right.  Let's have the defendant

21   sworn in.

22         THE CLERK OF THE COURT:  Can you please raise your

23   right hand the best that you can?  Thank you.  Do you solemnly

24   swear or affirm under penalty of perjury that the testimony

25   you're about to give in the case now pending before the Court
```

1    shall be the truth, the whole truth and nothing but the truth?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  All right.  Everybody can be seated.

4    Mr. McIntyre, before we proceed any further I want to advise

5    you of three things.  First, you've taken an oath to tell the

6    truth so you do have to give me truthful answers to my

7    questions.  If you give me any answers that are intentionally

8    untrue, you can be prosecuted for perjury and if you're

9    convicted of that offense, you'd be sentenced for that

10   separately from any sentence that you may receive for the

11   matter that brings you to court this afternoon.  Do you

12   understand that?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Second preliminary point is you have an

15   attorney seated right next to you.  If you need to speak with

16   her at any point during this proceeding, you're free do that

17   and if you need some private area in which to meet with her,

18   we'll make that available to you as well.  Do you understand

19   that?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  The final preliminary point I want to

22   make is that even though it's been announced that it is your

23   intention to plead guilty, you are under no obligation to plead

24   guilty.  If at any time during this proceeding this afternoon

25   you decided you do not want to plead guilty, just let me know

1   that.  We will stop this plea-taking and your current plea of

2   not guilty will remain in effect and then your case will be

3   brought to trial.  Do you understand that?

4           THE DEFENDANT:  Yes.

5           THE COURT:  What is your full name, please?

6           THE DEFENDANT:  Phillip Lucky McIntyre.

7           THE COURT:  What is your date of birth?

8           THE DEFENDANT:  November 30th, 1984.

9           THE COURT:  Can you read, write and understand the

10  English language?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Can you hear and understand me?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Could you hear and understand your

15  attorney?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Are you satisfied with the advice your

18  attorney's given you?

19          THE DEFENDANT:  Yes.

20          THE COURT:  How far did you get in school?

21          THE DEFENDANT:  Umm, I got into, finished -- I got my

22  G.E.D. in the state penitentiary, but I finished school at the

23  level of 10th grade.  Ninth, 10th grade.

24          THE COURT:  How long ago did you get your G.E.D.?

25          THE DEFENDANT:  Umm, 2008 I believe.

```
1              THE COURT:  Are you under the influence of any drugs
2       or alcohol or medication?
3              THE DEFENDANT:  As of right now, no.
4              THE COURT:  Have you ever been treated for addiction
5       to any of those things?
6              THE DEFENDANT:  Marijuana.
7              THE COURT:  How long ago were you treated for that?
8              THE DEFENDANT:  Umm, a while.  Not since -- are you
9       asking me have I -- can you rephrase the question for me 'cause
10      I kind of misunderstood it.
11             THE COURT:  All right.  Have you been in a treatment
12      program for marijuana?
13             THE DEFENDANT:  Not -- no, no.
14             THE COURT:  When is the last time you had some
15      marijuana?
16             THE DEFENDANT:  Umm, probably the day before I got
17      locked up or --
18             THE COURT:  What day was that?
19             THE DEFENDANT:  Umm, September 19th.
20             THE COURT:  Of 2016?
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  And you haven't had any since; is that
23      right?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Do you understand that you're charged in
```

```
1    count one of the indictment with sex trafficking of a child?

2              THE DEFENDANT:  Yes.

3              THE COURT:  That is violation of a statute known as

4    Title 18 United States Code, section 1591(a) and carries

5    certain penalties upon conviction.  The statute provides for a

6    minimum penalty of 10 years and a maximum penalty of life in

7    prison.  Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  The statute also provides for the

10   possibility of a fine up to 250,000 dollars.  Do you understand

11   that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  The statute also provides for a minimum

14   period of five years of supervised release, up to the

15   possibility of a lifetime term of supervised release.  Do you

16   understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Just so we're clear, supervised release

19   has replaced parole which has been abolished in our federal

20   criminal justice system.  Supervised release means that after

21   you've served your prison term, you are released back to the

22   community where you have to obey certain rules.  If you violate

23   any of those rules you can be sent back to prison to serve

24   additional time.  Do you understand all of that?

25             THE DEFENDANT:  Yes.
```

```
1              THE COURT:  Did you discuss your case fully with your

2    attorney?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Did you ask her all the questions wanted

5    you to about your case?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Did she answer all of your questions to

8    your satisfaction?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Do you need any more time now to talk to

11   her about your case?

12             THE DEFENDANT:  Can I have just a few questions with

13   her?

14             THE COURT:  You can have as many questions as you

15   want.  Go right ahead.

16             (Pause)

17             MS. STOUT:  I believe we're ready to proceed, your

18   Honor.  This has been difficult because of the nature of the

19   offense of course and the time involved, but I think my client

20   understands and is prepared to go forward.

21             THE COURT:  Mr. McIntyre, do you need to ask your

22   attorney anymore questions?

23             THE DEFENDANT:  No, sir.

24             THE COURT:  Do you want to proceed with this guilty

25   plea-taking?
```

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Did you discuss with your attorney your
 3    decision whether or not to plead guilty in this case?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  Did you ask her all the questions you
 6    wanted to on that subject?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Did she answer all those questions to
 9    your satisfaction?
10              THE DEFENDANT:  Yes.
11              THE COURT:  Do you want to ask her anymore questions
12    about that subject right now?
13              THE DEFENDANT:  No.
14              THE COURT:  I've been given a document called a Rule
15    11 Plea Agreement.  Do you have a copy there with you at your
16    table?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Do you understand that this document
19    purports to be the agreement between you and the government
20    regarding your decision to plead guilty in this case?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Did you read this document?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Did you go over it carefully?
25              THE DEFENDANT:  Yes.
```

1     THE COURT:  Did you go over it with your attorney?

2     THE DEFENDANT:  Yes.

3     THE COURT:  Did you ask her all the questions you

4 wanted to about this document?

5     THE DEFENDANT:  Yes.

6     THE COURT:  Do you need any more time now to ask her

7 any questions about this document?

8     THE DEFENDANT:  No.

9     THE COURT:  Now I'm looking at the last page, that's

10 page 13 and I see a signature line for Phillip Lucky McIntyre

11 and I see a signature there.  Did you sign this document?

12     THE DEFENDANT:  Yes.

13     THE COURT:  Did you sign it after you had read it?

14     THE DEFENDANT:  Yes.

15     THE COURT:  Right above that signature there is a

16 statement that says by signing below, defendant acknowledges

17 that he has read or been read this entire document, understands

18 it and agrees to its terms.  Do you understand all of that?

19     THE DEFENDANT:  Yes, your Honor.

20     THE COURT:  Did anybody force you to sign this

21 document?

22     THE DEFENDANT:  No.

23     THE COURT:  Did anybody threaten you or members of

24 your family to get you to sign it?

25     THE DEFENDANT:  No.

1    THE COURT:  Did you sign it out of your own free

2  will?

3    THE DEFENDANT:  Yes.

4    THE COURT:  Did anybody make any promises to you to

5  get you to sign this document other than whatever promises are

6  contained in the document?

7    THE DEFENDANT:  No.

8    THE COURT:  I want to go over the document with you

9  to make sure you do understand it and if you do have questions

10  at any time, you are free to ask your attorney anything you

11  want about this.  It says on the first page of the Rule 11 Plea

12  Agreement that you're going to plead guilty to count one of the

13  indictment which charges with you sex trafficking of a child.

14  Do you understand that?

15    THE DEFENDANT:  Yes.

16    THE COURT:  On the second page there's a section

17  called elements of offense.  Those are the different parts of

18  the crime that the government has to prove against you beyond a

19  reasonable doubt.  Do you understand that?

20    THE DEFENDANT:  Yes.

21    THE COURT:  The first element of this crime, first

22  part of this crime that the government would have to prove

23  beyond a reasonable doubt is that you knowingly recruited or

24  enticed or harbored or transported or provided or obtained a

25  person that you knew was a person who was less than 18 years

1    old.  Did you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  The second element is that you knew that

4    the person would be caused to engage in a commercial sex act.

5    Do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And then the final element of this crime

8    is that the defendant's act of recruiting, enticing, harboring,

9    transporting, providing or obtaining was in or affecting

10   interstate commerce.  Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Do you think the government can prove all

13   of these elements against you beyond a reasonable doubt?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Right below that section on page two and

16   carrying over to page three is a section entitled factual basis

17   for guilty plea.  Do you see that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Did you read this section carefully?

20             THE DEFENDANT:  Yes, I did.

21             THE COURT:  Are all the statements in this section

22   true?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Double government can proof all these

25   statements true against you beyond a reasonable doubt?

1    THE DEFENDANT:  Yes.

2    THE COURT:  It says here that from on or about May 1,

3    2016 to May 24, 2016 here in the Eastern District of Michigan

4    that you recruited, enticed, harbored, transported, provided

5    and obtained a certain person identified as MV1, a child known

6    to you who was born in 2002 and you knew that she was not yet

7    18 years old and you knew that she would be caused to engage in

8    a commercial sex act.  Is all that true?

9    THE DEFENDANT:  Yes.

10    THE COURT:  And it says here that this was done in or

11    affecting interstate or foreign commerce.  Is all that true?

12    THE DEFENDANT:  Yes.

13    THE COURT:  Goes on to say that you assisted and

14    provided communications by way of a cell phone or

15    transportation by vehicle, images to be used on backpage.com

16    for advertising commercial sex acts, hotel rooms, assistance

17    and protection for MV1 and that this was all done for purposes

18    of her engaging in a commercial sex act.  Is that true?

19    THE DEFENDANT:  Yes.

20    THE COURT:  Now this Rule 11 Plea Agreement provides

21    for sentencing in a way that will cap the sentence that you

22    would be receiving so I want you to understand what our

23    sentencing procedures will be.  If I accept your guilty plea, I

24    will set a sentencing date in the future.  We will also order a

25    presentence investigation report to be prepared.  You and your

1    attorney will have input into the report.  If there's anything

2    you disagree about in terms of the contents of that report,

3    your attorney will lodge an objection and then I'll rule on the

4    objection.

5              At the sentencing hearing, your attorney will speak

6    on your behalf.  You can directly address the Court if you want

7    to.  I'll hear from the attorney for the government, I'll hear

8    from any victims and then based on what everybody tells me and

9    based on what's in the report and taking into account

10   everything the law says I'm supposed to take into account, I'm

11   going sentence you at or sentencing hearing.  Do you understand

12   all of that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  One of the things that the law tells me

15   to take into account is sentencing guidelines.  Do you

16   understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Have you gone over the sentencing

19   guidelines with your attorney and how they impact your case?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do you understand that sentencing

22   guidelines are advisory and not mandatory.  That means I do not

23   have to follow them.  I can impose a sentence that is higher or

24   lower or within the guideline range?

25             THE DEFENDANT:  Yes.

```
 1              THE COURT:  This Rule 11 Plea Agreement says that you
 2   and the government have no disputes regarding your sentencing
 3   guidelines and that you and the government agree that your
 4   guideline range is 151 months to 188 months of imprisonment.
 5   You understand that?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Now the agreement also notes that your
 8   guideline range can go up under certain circumstances.  That
 9   is, it could be higher than the 151 to 188 range.  Do you
10   understand that?
11              THE DEFENDANT:  Yes.
12              THE COURT:  It can go up if your criminal history
13   category turns out to be higher than what is reflected on the
14   worksheets that are attached to this Rule 11 Plea Agreement.
15   Do you understand that?
16              THE DEFENDANT:  Yes.
17              THE COURT:  That guideline range can go up also if
18   your offense level is higher and your offense level can go up
19   for a variety of reasons.  For example, if you make a false
20   statement or withhold information from probation or if you
21   obstruct justice or commit another offense or otherwise
22   demonstrate a lack of acceptance of responsibility, any of
23   those things could cause your guideline range to go up higher
24   than 151 to 188 and then that higher range becomes the agreed
25   range between you and the government.  Do you understand that?
```

1          THE DEFENDANT:  Yes.

2          THE COURT:  The agreement also says that the relevant

3    conduct that may be used in sentencing includes everything that

4    is set out in all the counts of the indictment.  In other

5    words, not being limited to just count one.  Do you understand

6    that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  This Rule 11 Plea Agreement says that if

9    I accept the agreement, that your sentence will not be higher

10   than the top of the guideline as determined under the

11   agreement.  Do you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  So that means that if the guidelines stay

14   at 151 to 188, then my sentence will not be higher than 188,

15   but if your guidelines go up for any of the reasons I just

16   explained to you, then whatever that higher number would be,

17   that would be the highest sentence I could impose on you.  Do

18   you understand that?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Now the agreement also says that whatever

21   sentence I impose must be at least 120 months.  Do you

22   understand that?

23         THE DEFENDANT:  Yes.

24         THE COURT:  The agreement also says that I must

25   impose a term of at least five years of supervised release, but

1    that there is no agreement between you and the government

2    regarding the maximum amount of time I could impose for

3    supervised release above five years.  Do you understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  The agreement also says that you will pay

6    the special assessment of 5,000 dollars before sentence is

7    imposed.  Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  The agreement also says there's no

10   agreement as to fines and fines are considered separate from

11   special assessment.  Do you understand all of that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  The agreement also says that the Court

14   shall order restitution to every identifiable victim of your

15   offense and there's no agreement regarding the amount of

16   restitution so it will be up to the Court to make that

17   determination at a later date.  Do you understand all that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  This agreement also has a provision for

20   forfeiture of any property that you have that was used or

21   intended to be used to commit or promote the commission of the

22   offense charged against you.  Do you understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  And by forfeiture, I mean you would be

25   giving up whatever ownership or possessory interest you have in

1    the property that I just described.  Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  This agreement provides for a limited

4    right to withdraw.  That is, to get out from this agreement.

5    The government may withdraw from this agreement if I determine

6    that the correct guideline range is different than what the

7    agreement says it is.  Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  The agreement says that you may withdraw

10   from the agreement and withdraw your guilty plea under one

11   circumstance only and that's if I decide to impose a sentence

12   that is higher than what is allowed under this agreement.  Do

13   you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Now if I decided to do that, I would tell

16   you that at sentencing that that's my intention and then you

17   would have a decision to make.  You could withdraw from the

18   agreement and withdraw your guilty plea and then go to trial or

19   you can decide that you wanted to maintain your guilty plea in

20   which case I could sentence you to whatever the law allows me

21   to sentence to you even if that's a sentence that's higher than

22   what's allowed under this agreement.  Do you understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  This agreement provides for something

25   called appeal waivers.  That means giving up certain appellate

1   rights.  You are waiving, that is giving up any rights you have

2   to appeal your conviction.  Do you understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  It says you are also giving up your right

5   to appeal any sentence so long as the sentence doesn't exceed

6   the maximum allowed under this agreement.  Do you understand

7   that?

8            THE DEFENDANT:  Yes.

9            THE COURT:  If the sentence that I impose is within

10  the guideline range, then the government is agreeing not to

11  appeal any such sentence, but it does retain the right to

12  appeal any sentence below that range.  Do you understand that?

13           THE DEFENDANT:  Yes.

14           THE COURT:  The agreement says that you are not

15  giving up your right to claim ineffective assistance of counsel

16  provided you follow the proper procedure for asserting that

17  right.  Do you understand that?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Do you have any questions about this

20  agreement?

21           THE DEFENDANT:  No, your Honor.

22           THE COURT:  Do you understand that what you're

23  pleading guilty to is a felony?

24           THE DEFENDANT:  Yes.

25           THE COURT:  When a person pleads guilty to a felony,

1    that person loses valuable civil rights including the right to

2    vote, hold public office, sit on a jury or own or possess

3    firearms.  Do you understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  By pleading guilty, you're giving all the

6    rights you would have by going to trial so I'm going to go over

7    those rights that you're giving up and again if there's

8    anything you don't understand, you need to stop me so that you

9    can ask your attorney any questions about the rights that I'm

10   describing for you now.

11             First, you have the right to plead not guilty and to

12   persist in a not guilty plea throughout those proceedings.  Do

13   you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  If you pled not guilty, then we would

16   have a jury trial.  Do you understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  And the jury would be the ones to decide,

19   not me, they would decide whether or not the government had

20   proven its case against you beyond a reasonable doubt.  Do you

21   understand that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  At trial you would be presumed innocent.

24   You would have no burden whatsoever.  The only burden would be

25   on the government and its burden would be to prove you guilty

1  beyond a reasonable doubt.  Do you understand that?

2            THE DEFENDANT:  Yes.

3            THE COURT:  At trial and at every other stage of this

4  criminal proceeding you would have the right to the assistance

5  of an attorney and if you could not afford one, I would appoint

6  one for you.  Do you understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  At trial you would have the right to see

9  and hear all the witnesses against you.  Your attorney would

10  have the provide to cross-examine those witnesses.  You'd have

11  the right to testify if you wanted to.  You'd have the right to

12  decline to testify if you didn't want to.  You'd have the right

13  to call witnesses on your own behalf and if those witnesses

14  would not come into court voluntarily, then you could use

15  Court's subpoena powers to compel those witnesses to come into

16  court to testify.  Do you understand that?

17            THE DEFENDANT:  Yes.

18            THE COURT:  Do you understand that if you decided not

19  to testify or put on any evidence or call any witnesses, that

20  those facts could not be used against you?

21            THE DEFENDANT:  Yes.

22            THE COURT:  Do you understand that by pleading guilty

23  if I accept that plea, there will be no trial of any kind?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Do you understand you will have given up

```
1    all these rights that I just listed for you?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Do you understand that if you are not a

4    United States citizen, then by being convicted of this crime,

5    you may be removed from the United States, denied citizenship

6    and denied admission into the United States in the future?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Before I ask the defendant how he wishes

9    to plead, are there any additional questions either counsel

10   wants me to put to him?

11           MS. WILLIAMS:  Not from the government, thank you.

12           MS. STOUT:  No, your Honor.

13           THE COURT:  All right.  Ms. Williams, is there any

14   victim of this offense who wishes to make a statement at this

15   time?

16           MS. WILLIAMS:  Your Honor, not at this time.

17           THE COURT:  Mr. McIntyre, I'm going to ask you now

18   how you wish to plead in this case, guilty or not guilty?

19           THE DEFENDANT:  I plead guilty.

20           THE COURT:  Are you pleading guilty because you

21   believe you are guilty?

22           THE DEFENDANT:  Yes.

23           THE COURT:  And are you pleading guilty to count one

24   of the indictment which charges you with sex trafficking of a

25   child in violation of Title 18 United States Code, Section
```

```
1    1591(a)?

2              THE DEFENDANT:  Yeah.

3              THE COURT:  Based on the defendant's testimony here

4    in open court, I make the following findings.  I do find that

5    he's fully competent and capable of entering an informed plea,

6    that he's aware of the nature of the charge and the

7    consequences of the plea.  I find that his guilty plea is

8    knowingly made and voluntarily made and that it is supported by

9    an independent basis in fact containing each of the essential

10   elements of the offense.

11             I accept his guilty plea.  I am taking the Rule 11

12   Plea Agreement under advisement so he's now adjudged guilty of

13   count one of the indictment, sex trafficking of a child.

14             I'm going to go order that the presentence

15   investigation report be prepared.  Defendant and his counsel

16   will have input into the report.  We will now set a sentencing

17   date.

18             THE CLERK OF THE COURT:  September 12th at 11:30 a.m.

19             THE COURT:  Does that work for everybody?

20        MS. WILLIAMS:  Yes, your Honor.

21        MS. STOUT:  Yes, your Honor.

22             THE COURT:  Okay.  That's going to be our sentencing

23   date.

24             MS. STOUT:  Your Honor, if I may add something for

25   the record, please?
```

```
1                    THE COURT:  Okay.

2                    MS. STOUT:  Thank you.  Your Honor, this plea as you

3    stated is accurate and correct and nothing that I say is

4    changing this.  I just simply want to make the Court aware that

5    on June 13th, we do have a proffer scheduled and we're hopeful

6    that there will be a cooperation agreement and perhaps a 5K1.1

7    to follow should that June 13th meeting and thereafter be

8    successful.  I simply want that on the record.  Obviously it's

9    not agreed to as of today.  It's pending.

10                   THE COURT:  All right.  Now that's not a promise of

11   any kind that bears on this Rule 11 Plea Agreement, is it?

12                   MS. STOUT:  No it's not, your Honor.

13                   THE COURT:  All right.  Is there anything else?

14                   MS. STOUT:  No, your Honor.

15                   MS. WILLIAMS:  No, your Honor.

16                   THE COURT:  All right.  Then that concludes our

17   hearing.  Thank you.

18                   MS. STOUT:  Thank you.

19                   (Hearing concluded at 3:20 p.m.)

20                         --     ---     --

21

22

23

24

25
```

1                    C E R T I F I C A T E

7          I, David B. Yarbrough, Official Court

8   Reporter, do hereby certify that the foregoing pages

9   comprise a true and accurate transcript of the

10  proceedings taken by me in this matter on Tuesday, May

11  16th, 2017.

16  7/13/2018                /s/ David B. Yarbrough

17  Date                     David B. Yarbrough,
                             (CSR, RPR, FCRR, RMR)
18                           231 W. Lafayette Blvd.
                             Detroit, MI  48226